IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD DEPALMA,

                Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

ORDER

14-cv-817-jdp

---

      Plaintiff Richard DePalma seeks judicial review of a final decision of defendant Carolyn Colvin, Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. On November 23, 2015, the court heard oral argument in this case. For reasons explained during the hearing and summarized here, the court will affirm the Commissioner's decision.

      DePalma alleged that he was unable to work because of knee and shoulder pain, as well as degenerative disc disease. Two state agency consultants opined that DePalma would be able to perform a range of light work, but that he would have limitations on crouching, kneeling, crawling, and climbing. DePalma's treating physician, James Mullen, MD, recommended similar limitations. But Dr. Mullen also opined that DePalma would be able to work no more than four hours each day because of his "increased symptoms." R. 355.[1]

      The ALJ credited the medical opinions in this case, essentially incorporating every proposed limitation into DePalma's residual functional capacity (RFC). But the ALJ refused to give weight to Dr. Mullen's statement that DePalma could not work more than four hours a day, concluding that this aspect of the opinion was not consistent with the doctor's treatment

---

[1] Record cites are to the administrative record. Dkt. 8.

notes and that Dr. Mullen had not explained the need for such a limitation. R. 77. DePalma contends that the ALJ erred in rejecting this aspect of Dr. Mullen's opinion.

A threshold issue is whether Dr. Mullen's four-hour limitation was an opinion on a determination reserved to the Commissioner. Under SSR 96-5p and 20 C.F.R. § 416.927(d), medical opinions on the ultimate issue of disability—or the inability to "work"—can never receive controlling weight, even if they come from treating sources, because these determinations are for the Commissioner (through the ALJ) to make. DePalma contends that Dr. Mullen's opinion is not on the ultimate issue of disability; rather, the opinion provides an appraisal of DePalma's physical limitations that, if accepted, would have required a finding of disability. The court disagrees. Dr. Mullen does not have expertise in social security disability law or the types of jobs generally available in the national economy. Thus, his conclusion that DePalma's symptoms would prevent him from "working" more than four hours each day, touches on an issue outside his expertise. *See Garcia v. Colvin*, 741 F.3d 758, 760 (7th Cir. 2013) (ALJ "not bound by the statement in the doctor's letter that 'Mr. Garcia will be unable to return to any form of employment,' because a doctor may not be acquainted with the full range of jobs that a person with Garcia's ailments could fill"). There is a difference between opining on specific physical limitations (e.g., standing, lifting, maintaining concentration) and opining on how long a person can "work." The latter intrudes on a determination reserved to the Commissioner.

Although Dr. Mullen's opinion on how long DePalma could work was not entitled to controlling weight, the ALJ nevertheless discussed the doctor's statement, and the ALJ gave reasons for rejecting it. *See Bjornson v. Astrue*, 671 F.3d 640, 647-48 (7th Cir. 2012) (ALJ cannot ignore a statement from a medical source simply because it touches on an issue reserved to the Commissioner). Contrary to DePalma's suggestion, the ALJ was not required to re-contact Dr. Mullen to clarify which restrictions impeded DePalma's ability to work because the rest of the

2

opinion expressly provided specific limitations. Dr. Mullen's apparent justification for the four-hour limitation was DePalma's difficulty with prolonged standing. *See* R. 355. But Dr. Mullen's notes did not address DePalma's difficulty standing or indicate that his health conditions would prevent him from being on his feet for more than four hours each day. Regardless, the ALJ accommodated any difficulty that DePalma might have had with prolonged standing by providing for the use of a cane in the RFC. The ALJ adopted all of Dr. Mullen's proposed physical restrictions and he adequately explained why he rejected the doctor's four-hour limitation. This issue does not require remand.

DePalma also contends that the vocational expert (VE) lacked a proper foundation from which to testify to the number of jobs available to a person with DePalma's RFC. The Seventh Circuit has expressed skepticism at the standard methodology that VEs use to calculate the number of jobs available to a particular claimant, *see, e.g.*, *Voigt v. Colvin*, 781 F.3d 871 (7th Cir. 2015), and this court shares that skepticism. But DePalma's criticism of the VE's methodology will have to wait for appellate precedent instructing that the use of this methodology is reversible error.[2]

DePalma was represented at the hearing and his representative did not challenge the numbers that the VE provided. Under current law, the ALJ is entitled to accept a VE's unchallenged conclusions unless there are apparent conflicts between the VE's testimony and the *Dictionary of Occupational Titles*. *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008). A social security claimant forfeits arguments about conflicts between a VE's testimony and the DOT when the claimant is represented at the hearing and his representative fails to object. *Id.* Thus, this issue is not a basis for remand.

---

[2] During oral argument, DePalma's counsel acknowledged that the current state of the law forecloses his argument. But DePalma has preserved the issue for appeal.

Accordingly, IT IS ORDERED that the decision of defendant Carolyn Colvin, Acting Commissioner of Social Security, is AFFIRMED and plaintiff Richard DePalma's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered November 25, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge