IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RICHARD DEPALMA,

                              Plaintiff,

        v.                                                                    ORDER

CAROLYN W. COLVIN,                                                 14-cv-817-jdp
Acting Commissioner of Social Security,

                              Defendant.

        This case has afforded me the opportunity to address a systemic problem with the handling of Social Security cases: in my view, the Commissioner too often stipulates to remand cases that get appealed to the Seventh Circuit after this court affirms her decision to deny benefits. The problem is not the stipulation to remand itself; rather, my complaint is that the determination that the ALJ's decision is flawed should be made much earlier.

        In this case, defendant Carolyn Colvin, the Acting Commissioner of Social Security, denied plaintiff Richard DePalma's application for benefits at every level of administrative review: an initial decision, a decision on reconsideration, a decision after a hearing before an ALJ, and a decision denying review by the Appeals Council. When DePalma appealed to this court, the Commissioner energetically defended her decisions and I affirmed. But when DePalma appealed to the Seventh Circuit, the Commissioner had a change of heart. After re-evaluating the case—presumably as a result of the Seventh Circuit's mediation program—she moved for an indicative ruling that I would grant a stipulated motion to remand if the Seventh Circuit were to remand the case to this court. Dkt. 28. I ordered the Commissioner to show cause why remand was warranted and why the Commissioner had so resolutely

defended the case if remand was appropriate after all. Dkt. 29. The Commissioner responded. Dkt. 33. But her response is not wholly satisfying.

I will deal first with DePalma's case. I affirmed the Commissioner's decision on the two main issues that DePalma raised because the ALJ did not err in evaluating the medical opinions in this case and because the vocational expert had an adequate foundation from which to testify to the number of jobs available to a person with DePalma's limitations. DePalma's obesity was only a secondary issue, subsidiary to the question of the ALJ's evaluation of the medical opinions. In briefing, the Commissioner argued that, at most, the ALJ committed harmless error by not considering DePalma's obesity. Dkt. 13, at 14-15. DePalma did not raise the obesity issue during oral argument, and my written order did not specifically address it.

Once the case got to the Seventh Circuit, the parties engaged in a settlement conference, pursuant to Circuit Rule 33. Although the Commissioner cannot disclose what specifically the parties discussed at the settlement conference, she now agrees that the ALJ's error in considering DePalma's obesity was not harmless and that remand is appropriate so that the ALJ can reconsider how DePalma's obesity affects his physical limitations. The Commissioner's response to my order to show cause, Dkt. 33, offers no substantive explanation for why she now thinks that the ALJ committed more than harmless error in dealing with DePalma's obesity. This is an example of a determination that the Commissioner should have made much earlier. Nevertheless, I will consider remand to be appropriate in this case.

I turn now to the larger issue. In my order to show cause, I expressed concerns about the inefficiency and wasted resources that result from the Commissioner defending a case all

2

the way through the administrative level and before a federal district court only to reverse course once the case gets to the Seventh Circuit. The Commissioner explains that these changes in position occur because once a case is appealed to the Seventh Circuit, a new attorney re-evaluates it to determine whether remand is appropriate. The Commissioner asserts that this is not a matter of routine, and she cites a handful of appeals from this court that she has defended at the Seventh Circuit. Fair enough. But every instance of a stipulated remand after this court has affirmed equates to hours of lost work by the claimant's attorneys, the Commissioner's attorneys, and the court. And because claimants typically recover attorney fees under the Equal Access to Justice Act, those hours amount to unnecessary expenditure of government funds, which I have a duty to prevent.

With these considerations in mind, I conclude that greater scrutiny is necessary for any future requests for an indicative ruling that the Commissioner files after securing an affirmance in this court. These requests essentially ask me to indicate how I would rule on a motion for relief from judgment, which is an extraordinary remedy reserved for exceptional cases. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Thus, in the future, I will require the Commissioner to demonstrate that a given case is, in fact, exceptional. To be clear: a simple change of position without a persuasive explanation—which is all that the Commissioner has offered in DePalma's case—will not suffice. The Commissioner must demonstrate that her new appraisal of the case is substantially justified (e.g., there has been a change in the governing law, the parties and I overlooked binding precedent, or there are other similarly compelling circumstances that require remand). If the Commissioner fails to make such a showing, then I will indicate that I am not inclined to grant relief.

3

These new requirements are not intended to compel the Commissioner to defend more appeals. To the contrary, my goal is to encourage early and decisive decisions from the Commissioner and her attorneys regarding whether to defend an ALJ's decision in the first place. By performing a thorough and definitive evaluation early in the case, the Commissioner can save counsel and the court considerable time and effort. And more important, the Commissioner can ensure that claimants receive the fastest possible resolution of their applications for benefits.

I will require that this opinion be circulated to attorneys who represent the Commissioner in this court.


ORDER

IT IS ORDERED that:

1. The parties' unopposed motion for an indicative ruling, Dkt. 28, is GRANTED. The court indicates that it is inclined to grant relief from the judgment entered on November 25, 2015, should the court of appeals remand for that purpose.

2. The Commissioner is directed to circulate a copy of this order to every attorney and staff member who represents the Commissioner in this court, writes or contributes to briefs that the Commissioner files in this court, appears at oral argument on behalf of the Commissioner in this court, or reviews Social Security cases filed in this court to determine whether they should be remanded.

Entered May 11, 2016.

BY THE COURT:

/s/
_____

JAMES D. PETERSON
District Judge