IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD DEPALMA,

                Plaintiff,

v.                                                ORDER

CAROLYN W. COLVIN,                        14-cv-817-jdp
Acting Commissioner of Social Security,

                Defendant.

---

In an order to show cause, Dkt. 29, I expressed concern over the apparently routine practice of stipulating to remand Social Security cases after the Commissioner defends the ALJ's decision and I affirm the ALJ. The Commissioner's response, Dkt. 38, is not satisfying because it fails to address the main point that I raised. The Commissioner provides a catalog of reasons for why remand after appeal might be appropriate, but she does not address what appears to me to be a systemic problem. I track the resolution of Social Security cases assigned to me, and of the six cases in which I have affirmed the Commissioner's decision, four of them (including this case) have ended with a stipulated remand at the court of appeals.[1] Stipulations to remand are simply too common for me to believe that they represent "rare cases" in which the Commissioner determines that agreement to remand after appeal is warranted by such considerations as recently issued or immanent decisions in similar cases. *See id.* at 18.

I am persuaded that it would be impractical to require in future cases that the Commissioner certify that appellate counsel has reviewed the case and will commit to

---

[1] The Seventh Circuit affirmed one of the remaining two cases, and briefing is currently in progress for the other case.

defending it on appeal. However, I am still convinced that in cases assigned to me, it is appropriate to require the Commissioner to justify her change in position before I grant a joint request for an indicative ruling under Federal Rule of Civil Procedure 62.1.[2] In my previous order, I proposed to evaluate such requests under the framework for motions for relief from judgment pursuant to Rule 60: the Commissioner would have to explain why an extraordinary remedy was appropriate and why the case presented exceptional circumstances.

The Commissioner proposes a different framework. She argues that I should apply "a balancing of the equities" analysis, which would include considering the public interest in precedent, preclusion, and judicial economy and the circumstances, hardships, and interests of the private parties. *Id.* at 7; *see also Marseilles Hydro Power LLC v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1003 (7th Cir. 2007). But as the Commissioner interprets these factors, there would essentially never be a case that fails to qualify for relief. Thus, the Commissioner's proposed standard is no standard at all, just a rubber stamp. *See* Dkt. 38, at 8 ("The equitable considerations . . . demonstrate that the Commissioner's requests for remand of cases already affirmed by the district courts should ordinarily be granted.").

I will adopt the Commissioner's proposed framework, but not necessarily her view of the relevant public and private interests. My decisions in Social Security cases do not have precedential value, yet they are a prerequisite to getting a case into a court that *can* issue precedential decisions. The public has an interest in developing the principles of law that govern Social Security cases, particularly if district courts are misapplying existing principles and erroneously affirming the Commissioner's decisions (which is what the Commissioner

---

[2] This is not the first time that the Commissioner has faced resistance when she agreed to remand a case after successfully defending an appeal in a district court. *Cf. Triplett v. Colvin*, No. 12-cv-4382, 2014 WL 4978658 (N.D. Ill. Oct. 6, 2014).

now contends occurred in this case). The Commissioner's apparent desire to avoid hostile precedent does not serve the public interest. *See, e.g., id.* at 19 ("Because many court of appeals decisions are precedential, litigation before the Seventh Circuit also implicates more than just one particular plaintiff's entitlement to benefits. This reality informs the defensibility analysis of Seventh Circuit matters by the Commissioner's attorneys."). As for the other considerations, I have already explained how the Commissioner's strategy of seeking remand after this court has affirmed her decisions is an inefficient use of judicial resources. Dkt. 34. And in the long run, the strategy is detrimental to claimants' interests because they must pursue a case all the way to a court of appeals before the Commissioner relents and awards benefits.

    This is all to say that in future cases where the Commissioner pursues a remand after I affirm her decision, she will have to justify her request for an indicative ruling. She may frame her justification in terms of a balance of equities, but she must ultimately demonstrate why, on the merits, remand is warranted. I will not ask the Commissioner to disclose privileged communications. But the Commissioner must offer some explanation for why a claimant that she has determined to be unentitled to benefits, after multiple levels of review, should be allowed to try again.

    I reiterate that I am encouraging early decision making in Social Security cases. From time to time, settlement might be reached at the appellate level, when it is too late to save the judicial and party resources expended at the district court. If there are good reasons for the Commissioner's change in position, then I am willing to remand a case to allow the agency to correct its own mistakes. But the pattern that I have observed suggests that the Commissioner and her attorneys are not adequately considering the possibility of settlement

at the district court level, and the Commissioner's response to my order to show cause has not persuaded me otherwise. For purposes of clarity, I will confirm that the parties' joint motion for an indicative ruling in this case is granted. I will again direct that this opinion be circulated to attorneys who represent the Commissioner in this court.

ORDER

IT IS ORDERED that:

1. The parties' unopposed motion for an indicative ruling, Dkt. 28, is GRANTED. The court indicates that it is inclined to grant relief from the judgment entered on November 25, 2015, should the court of appeals remand for that purpose.

2. The Commissioner is directed to circulate a copy of this order to every attorney and staff member who represents the Commissioner in this court, writes or contributes to briefs that the Commissioner files in this court, appears at oral argument on behalf of the Commissioner in this court, or reviews Social Security cases filed in this court to determine whether they should be remanded.

Entered May 31, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge